**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION -- LEXINGTON**

STACY LEE YORK ISAACS,

     **Plaintiff,**

**V.**

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

     **Defendant.**

CIVIL ACTION NO. 5:14-cv-228-KKC

<u>OPINION AND ORDER</u>

*** *** ***

This matter is before the Court for consideration of cross-motions for summary judgment. (DE 20 & 21). The Plaintiff, Stacy Isaacs, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial relief from an administrative decision of the Commissioner of Social Security denying her claim for Social Security Disability Insurance Benefits ("DIB"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and was decided by the proper legal standards.

## I. OVERVIEW OF THE PROCESS

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge ("ALJ") must follow. 20 C.F.R. § 404.1520(a)(4); *see also Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009) (describing the administrative process). The five steps, in summary, are as follows:

    1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

    2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her

physical or mental ability to do basic work activities—the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers*, 582 F.3d at 652 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 404.1520(b)–(g)).

The claimant bears the burden of proof through the first four steps of the analysis; but if the ALJ reaches the fifth step without finding the claimant disabled, then the burden shifts to the Commissioner. *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The Commissioner satisfies the burden of proof at the fifth step by finding that the claimant is qualified for—and capable of performing—jobs that are available in the national economy and may rely upon the testimony of a vocational expert ("VE") regarding the range of potential jobs. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423, 425 (6th Cir. 2008).

## II. PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION

Ms. Isaacs ("Claimant") filed her claim for DIB on November 2, 2011, alleging an onset date of January 1, 2008. [TR 16]. The agency denied her application initially and upon reconsideration. [TR 78, 92]. Claimant requested review by an ALJ, and a hearing was held on January 25, 2013. [TR 31–65]. The ALJ subsequently issued an unfavorable decision on March 27, 2013. [TR 16–25].

On the alleged disability onset date, Claimant was 38 years old. [TR 23]. Claimant graduated from the eleventh grade, subsequently obtained her GED, and has past relevant

work as a teacher's aide and a merchandiser. [TR 22–23]. She alleges disability due to fibromyalgia, spinal stenosis, chronic back pain, degenerative disc disease, Temporomandibular Joint dysfunction (TMJ), irritable bowel syndrome, chronic fatigue, and panic attacks. [TR 9, 18]. Claimant's insured status expired on December 31, 2014. [TR 18].

First, the ALJ determined that Claimant has not engaged in substantial gainful activity since her alleged onset date of January 1, 2008. [TR 18]. Second, the ALJ found that Claimant suffers from the following severe impairments: fibromyalgia, and chronic low back pain secondary to degenerative disc disease and lumbar stenosis. [TR 18]. Third, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [TR 19].

Next, the ALJ reviewed the record to determine Claimant's residual functional capacity ("RFC"). [TR 20]. RFC assesses a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). In finding Claimant's RFC, the ALJ considered all symptoms in light of the objective medical evidence and other relevant evidence, including the following: (i) daily activities; (ii) location, duration, frequency, and intensity of symptoms; (iii) precipitating and aggravating factors; (iv) type, dosage, effectiveness, and side effects of any medication; (v) additional treatment; (vi) additional measures used to relieve symptoms; and (vii) other factors concerning functional limitations and restrictions due to symptoms. 20 C.F.R. § 404.1529. After reviewing all of the evidence, the ALJ determined that Claimaint has the RFC to perform light work, with the following limitations: lift/carry twenty pounds occasionally, ten pounds frequently;

stand/walk six hours and sit six hours in an eight hour workday; occasionally climb ramps and stairs, never climb ropes scaffolds or ladders; occasionally stoop, kneel, crouch, and crawl; and must avoid hazardous machinery and heights. [TR 20].

After establishing Claimant's RFC, the ALJ continued to the fourth step. The ALJ asked the VE whether a hypothetical individual with Claimant's vocational factors and RFC could work as a teacher's aide or a merchandiser. [TR 61–62]. The VE testified that this hypothetical individual could not perform any past relevant work. [TR 62]. Thus, the ALJ moved to the fifth step. The ALJ asked if this hypothetical individual could make an adjustment to other work and the VE noted that this hypothetical individual could perform a number of unskilled and entry level jobs, including light assembly, light cashier clerk, and hand packing. [TR 62]. Therefore, the ALJ found Claimant not disabled. [TR 24–25].

The ALJ's decision that Claimant is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied Claimant's request for review on May 8, 2014. [TR 1]. Claimant has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## III. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be affirmed unless the ALJ applied the incorrect legal standards or the ALJ's findings are not supported by substantial evidence. *Lindsley v. Comm. of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In reviewing the decision of the Commissioner, courts should not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See Lindsley*, 560 F.3d at 604–05. Courts must look at the record as a whole, and "[t]he court 'may not focus and base [its]

decision entirely on a single piece of evidence, and disregard other pertinent evidence.'" *Sias v. Sec. of H.H.S.*, 861 F.2d 475, 479 n.1 (6th Cir. 1988) (alteration in original) (quoting *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978)). Rather, courts must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court may have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## IV. ANALYSIS

On appeal, the Claimant presents four issues for review. First, she argues that the ALJ erred by failing to adequately consider Social Security Ruling (SSR) 12-2p, which provides guidance for analyzing fibromyalgia as an impairment. Second, she claims the ALJ's assessment of Claimant's RFC was not supported by substantial evidence. Third, she contends that the ALJ erroneously discounted Claimant's treating physician's opinion. Finally, she asserts that the ALJ gave insufficient weight to Claimant's subjective complaints.

*1. The ALJ properly applied SSR 12-2p in considering Claimant's fibromyalgia.*

SSR 12-2p describes the method for determining whether a claimant has a medically determinable impairment of fibromyalgia and explains how that impairment should be evaluated in a disability analysis. SSR 12-2p, 2012 WL 3104869 at *2. Claimant's argument focuses on the ALJ's determination that "her symptoms do not meet the requirements of any of the listed impairments." [TR 19.] However, the Claimant apparently misperceives the ALJ's conclusion on this point. This is made clear by her ensuing references to SSR 12-2p's guidance for analyzing whether a claimant has a medically determinable impairment of fibromyalgia. (DE 20 at 7–9.) The ALJ did, in fact, find that the Claimant had a "severe" fibromyalgia impairment. [TR 18]. However, this does not end the inquiry under SSR 12-2p.

Step 3 requires the ALJ to consider whether the Claimant's severe impairments meet or medically equal the criteria of any of the listings in appendix 1, subpart P of 20 CFR part 404. SSR 12-2p, 2012 WL 3104869 at *6. Contrary to the Claimant's representations, the ALJ did follow SSR 12-2p. The conclusion Claimant specifically disputes, finding that her fibromyalgia did not meet any listed impairment, was actually compelled by that ruling, which states that: "[fibromyalgia] cannot meet a listing in appendix 1 because [fibromyalgia] is not a listed impairment."  SSR 12-2p, 2012 WL 3104869 at *6.

*2. The ALJ's RFC determination was based on an adequate review of the entire record and is supported by substantial evidence.*

An RFC assessment must be based on all relevant medical and other evidence. 20 C.F.R. § 404.1545. Claimant suggests that the ALJ's finding her able to perform less than the full range of light work simply mimicked two, allegedly erroneous, State Agency physicians' conclusions. (DE 20 at 11.) Claimant contends that the Agency physicians failed to consider specialist Lucia Hardi's ruling out of any non-fibromyalgia explanation for Claimant's impairments. Claimant thus concludes that the RFC assessment was completed without an adequate and accurate review of the file.

This challenge fails for two reasons: (1) the Agency physicians did consider Dr. Hardi's examination report and, even if they had not, (2) the ALJ explicitly discussed Dr. Hardi's report. The first entry in the "evidence of record" considered by Dr. Reed is Dr. Hardi's reports from Saint Joseph Rheumatology. [TR 82]. Dr. Cross' statement that "[t]here is no *laboratory data* in file to rule out other etiologies" is also consistent with the record. [TR 76 (emphasis added)]. This statement is entirely accurate, the treating physician report Claimant cites, indicates that "[l]abs obtained by Dr. Hardy (sic) are not available to me at this time." [TR 307]. Moreover, Dr. Cross found, notwithstanding this

6

lack of evidence, that "findings are reasonably consistent with" fibromyalgia and his RFC determination incorporated limitations for a fibromyalgia impairment. [TR 76]. In short, Dr. Hardi's test results, whether in the record or not, did not contradict Dr. Cross' conclusion.

Furthermore, even if the Agency physicians had entirely ignored Dr. Hardi's report, that fact would not support rejecting the RFC determination. The ALJ also independently discussed Dr. Hardi's report. [TR 21]. That analysis only lent support to the ALJ's conclusions because Dr. Hardi indicated that the Claimant responded well to medication and recommended *increased* physical activity to manage her fibromyalgia. [TR 21]. Impairments that respond well to treatment need not be considered severe at all. *See Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986). Recommended increases in physical activity, as opposed to activity restrictions, also lend credence to a finding of non-disability. *See Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 596 (6th Cir. 2005). Thus, the ALJ adequately considered the entire record. Any reliance on the State Agency physician's determinations was not error. Consequently, it comes as no surprise that the ALJ's RFC assessment was supported by substantial evidence.

*3. The ALJ did not err in declining to adopt the treating physician's RFC recommendation.*

The ALJ is required to "evaluate every medical opinion" in the record. *See* 20 C.F.R. § 404.1527(d). Not all medical opinions, however, are treated equally. The opinions of treating physicians, "medical professionals most able to provide a detailed, longitudinal picture," are *generally* afforded the greatest deference. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting 20 C.F.R. § 404.1527(d)(2)). But "[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques

7

or if it is inconsistent with the other substantial evidence in the case record." *Blakley*, 581 F.3d at 406 (quoting SSR 96-2p, 1996 WL 374188 (July 2, 1996)). The ALJ can reject the opinion of the treating physician "if good reasons are identified for not accepting it." *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993); *see also Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006) (en banc) (holding that an ALJ may reject the opinion of a treating physician if the treating physician's opinion is divorced from supporting objective evidence). Finally, treating physician opinions on issues reserved to the ALJ, such as an individual's RFC, are never given controlling weight. *See* SSR 96-5p.

Here, Dr. Little, the Claimant's treating physician, submitted a physical RFC assessment. [TR 313–318]. Dr. Little's conclusions were inconsistent with the Claimant's final RFC determination, however, the ALJ considered this form and gave it little weight. [TR 23]. The ALJ discounted Dr. Little's opinions after concluding that they were based on the Claimant's subjective complaints rather than her own objective medical opinion. [TR 23]. Substantial evidence supporting this determination can be found both in the Claimant's testimony, and also in the incompatibility between the RFC form's conclusions, the objective medical evidence, and the treatment Dr. Little had previously prescribed.

At the hearing, the Claimant testified that Dr. Little had asked her questions about her physical limitations. [TR 59]. She also explained that she was not present when Dr. Little filled out the form, thus, Dr, Little's responses were not based on a contemporaneous physical examination. [TR 59.] By the time Dr. Little completed the form in December 2012, her records indicate that she had not seen the Claimant in ten months. [TR 284, 318]. At that February 2012, visit, the Claimant saw Dr. Little for treatment of an upper respiratory condition. [TR 284]. Dr. Little also noted that Claimant complained of some leg weakness, but noted that it was "more likely due to generalized deconditioning" than her history of

fibromyaligia and recommended leg strengthening exercises. [TR 284]. This recommendation was consistent with Dr. Little's prior prescription of stretching exercises and physical therapy. [TR 289]. This record amply supports the ALJ's conclusion that "the claimant has not generally received the type of medical treatment one would expect" for someone with the restrictions advocated by Dr. Little's RFC form, i.e., total disability. [TR 23].

*4. The ALJ's credibility determination was supported by substantial evidence.*

Once an ALJ reaches the fifth step in the five-step process, the burden shifts to the Commissioner to prove that the claimant can perform other work and that the alternate jobs exist in significant numbers in the economy. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). The Commissioner may rely upon a VE's answers to hypothetical questions to satisfy this burden, but the hypothetical questions must "accurately describe[] the plaintiff in all significant, relevant respects." *Id.* The ALJ—through examination of the record and the plaintiff's credibility—conclusively determines the significant, relevant traits. *Id.*

The ALJ's credibility determination, discounting the Claimant's claims regarding the severity of her pain, and consequential RFC deviating from Claimant's alleged abilities are supported by substantial evidence. A claimant's subjective complaints are not given dispositive weight in the disability analysis. 20 C.F.R. § 404.1529(a). In determining what weight subjective pain complaints should be given, an ALJ may evaluate a claimant's credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (internal citation omitted). Deference to such credibility determinations is justified by the ALJ's "duty of observing a witness's demeanor and credibility," subject only to a requirement of substantial supporting evidence. *Id.* This Circuit utilizes a two-prong test for evaluating subjective assertions of disabling pain:

9

> First, we examine whether there is objective medical evidence
> of an underlying medical condition. If there is, we then
> examine: (1) whether objective medical evidence confirms the
> severity of the alleged pain arising from the condition; or (2)
> whether the objectively established medical condition is of such
> a severity that it can reasonably be expected to produce the
> alleged disabling pain.

*Felisky v. Bowen*, 35 F.3d 1027, 1038–39 (6th Cir.1994) (quoting *Duncan v. Secretary of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir.1986)).

Notwithstanding the Claimant's fibromyalgia diagnosis, the record fails to support the severity of her pain complaints. For two years following her fibromyalgia diagnosis the Claimant was self-employed as a traveling musician. [TR 37]. Although the claimant alleges an onset date of January 1, 2008, her employment was terminated by her employer due to budget constraints, not as a consequence of any impairment. [TR 41]. Claimant's subsequent application for and receipt of unemployment benefits are "inherently inconsistent" with her claim to disability benefits. *Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. 2004).

The record's medical evidence further contradicts the Claimant's testimony. When a claimant's impairments respond well to medication, as here, a non-disability finding is bolstered. *See Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987). The recommendations for *increased* physical activity, discussed above, also support the ALJ's discounting of the Claimant's allegations of totally disabling pain. [TR 284, 289]. The non-curative nature of these treatments does not require a conclusion of total disability, as claimant suggests. (DE 20 at 17.) The Claimant does not allege that her fibromyalgia, standing alone, is disabling. Her claims are based on the expression of that impairment as pain, muscle spasms, and headaches. [TR 233]. In other words, the Claimant

is impaired by the *symptoms* of her fibromyalgia, and the prescribed treatments were explicitly directed towards "symptoms management." [TR 314].

Finally, the Claimant's daily activities lend additional support to the ALJ's decision to discount her testimony. 20 C.F.R. § 404.1529(c)(3)(i) (daily activities relevant to evaluating symptoms "such as pain"). The record indicates that Claimant was able to (1) do limited grocery shopping, (2) attend church, (3) sing in the choir, (4) use a computer, (5) occasionally go out to eat, (6) maintain her personal hygiene without assistance, (7) do laundry, (8) cook, (9) pay bills, (10) and do light housework. [TR 52, 54, 281]. In sum, the Claimant's employment history, daily activities, and medical records provide substantial evidence to support the ALJ's conclusion that she "was not credible with regard to her allegations that she is unable to perform any type of work." [TR 23].

## V. CONCLUSION

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1. Plaintiff's motion for summary judgment (DE 20) is **DENIED**;

2. The Commissioner's motion for summary judgment (DE 21) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment consistent with this Opinion & Order will be entered contemporaneously.

Dated April 22, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY